UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CERAMIC TILE AND MARBLE MASONS' UNION NO. 18 OF MISSOURI PENSION PLAN, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:08-CV-885 (CEJ) |
| ROBERT JONES, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on June 24, 2008. Defendant did not file an answer or other responsive pleading or seek additional time to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on August 5, 2008.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are two labor unions ("Local 18" and "International Union") and trustees of six employee benefit plans ("Tile Setters Pension Plan", "Tile Finisher's Pension Plan", "International Pension Fund", "Apprenticeship Fund", "International Health Fund", and "International Masonry Institute Fund"). Defendant Robert Jones, doing business as Franklin County Tile and Stone, is a party to a collective bargaining agreement with the Unions. In their motion for default judgment, plaintiffs seek

$2,054.95 in delinquent contributions, $124.03 in interest, and $527.43 in union dues. Plaintiffs additionally seek $1,200.00 in attorney's fees, and $85.00 in costs.[1]

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

Plaintiffs have attached to their complaint a copy of a Collective Bargaining Agreement valid from May 1, 2004 through April 30, 2007. The agreement is not signed by defendant, nor does it contain the name of defendant's company. The "employer" listed on the contract is the Tile and Marble Contractors Association. Even though defendant is not a signatory to the Collective Bargaining Agreement, the Court must still conclude that plaintiff was bound by it.[2] However, the Court is troubled that, in their

---

[1] In addition to their request for attorney fees and costs in the instant motion, plaintiffs also filed a motion for attorneys fees and a motion for a bill of costs. These motions were premature as judgment has not yet been entered in plaintiffs' favor. Additionally, because attorney fees and costs have been requested under ERISA in conjunction with this motion for default judgment, separate motions to collect attorneys fees and costs are unnecessary. For these reasons, plaintiffs' motions for attorney fees and for a bill of costs are denied.

[2] When default has been entered against a defendant, the factual allegations of the complaint are accepted as true. See Stephenson v. El-Batrawi, 524 F.3d 907, 914 n.9 (8th Cir. 2008). Accordingly, the Court will accept plaintiffs' allegation that

motion for default judgment, plaintiffs seek delinquent contributions beginning in May 2007, one month after the Collective Bargaining Agreement expired in April 2007. There is no allegation in the complaint that defendant remained subject to the agreement after April 2007 or that defendant agreed to a renewal of the agreement. Although the agreement indicates that it is automatically renewed each year absent written notice to opt out, there is no allegation in the complaint regarding whether defendant did, or did not, opt out of the agreement.

Even if the Court were to assume that defendant remained a party to the Collective Bargaining Agreement after April 2007, the Court still concludes that it cannot enter default judgment in this matter because plaintiffs have not adequately proven damages. In an attempt to prove the amount of delinquent contributions, plaintiffs have submitted an affidavit of Tanya Young, a paralegal at the law firm where plaintiffs' counsel is employed. Ms. Young estimates the amount of contributions owed by defendant from May 2007 forward based on the average number of hours defendant's employees worked in the previous five months.[3] The Court is unsure why it was necessary to estimate damages in this case rather than performing an audit to obtain an accurate sum. Plaintiffs have not

---

defendant was bound by the Collective Bargaining Agreement.

[3] It is questionable whether the estimated amounts truly reflect the number of hours worked by the two employees at issue. Records show that in April 2007, for instance, an employee worked only 35 hours while working 144 hours the prior month. The second employee has worked as many as 176 hours a month to as few as 67 hours. Given this irregularity, the Court cannot be assured that the estimates are accurate.

stated that defendant has refused such an audit, nor have they asked the Court to order an accounting of defendant's records. The Court does not believe that plaintiffs' estimated damages are appropriate without some showing of necessity for making such estimates.

The uncertainty of damages is not the sole reason that the Court must deny default judgment in this case. It is also relevant that the complaint does not contain any allegation that defendant failed to pay the required contributions. The complaint simply notes that defendant was obligated to make contribution payments to the various employee benefit plans. It fails to allege that defendant actually violated this obligation, an essential element of plaintiffs' claim. The complaint does not go far enough when it suggests that "[t]he exact amount owed by defendant is impossible to determine without an audit." This statement would be true whether or not defendant owed any delinquent contributions. Plaintiffs must affirmatively aver in their complaint that defendant violated his obligation to make contributions to the employee benefit plans. In other words, the complaint must allege that the amount owed by defendant is more than zero. Without this allegation, the Court cannot grant judgment on the complaint because it fails to adequately state a claim against defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [#8] is **denied.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for attorney fees [#7] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for a bill of costs [#9] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2008.