UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CERAMIC TILE AND MARBLE MASONS' UNION NO. 18 OF MISSOURI PENSION PLAN, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:08-CV-885 (CEJ) ) |
| ROBERT JONES, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for a default order of accounting, following entry of default against defendant Robert Jones. Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are two labor unions ("Local 18" and "International Union") and trustees of six employee benefit plans ("Tile Setters Pension Plan", "Tile Finisher's Pension Plan", "International Pension Fund", "Apprenticeship Fund", "International Health Fund", and "International Masonry Institute Fund"). They seek an order compelling defendant to submit to an audit for the period of May 1, 2007, to the present.

According to the affidavit of Michael Burns, a business manager for the union, defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement entered into on October 5, 2004. Defendant was served with the summons and complaint on June 24, 2008, and has not filed an

answer or otherwise appeared in this matter.  The Clerk of Court has entered default against the defendant.

Plaintiffs have moved, pursuant to Rule 55(b)(2), Fed. R. Civ. P., for an order compelling defendant Robert Jones, doing business as Franklin County Tile & Stone, to submit to an audit for the purposes of determining the amount of damages.  Plaintiffs have established that defendant is bound by the terms of a collective bargaining agreement with the union.  The agreement requires that defendant submit contributions to the funds and authorizes plaintiffs to examine the financial records to ascertain whether the required contributions were made.  The only means by which plaintiffs can determine the amount owed is through such financial compliance examination.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [#11] is **granted**.

**IT IS FURTHER ORDERED** that defendant Robert Jones, doing business as Franklin County Tile and Stone, shall, not later than **November 10, 2008**, produce for inspection by plaintiffs, or plaintiffs' designated accountant, all payroll registers and other documents reflecting or pertaining to all hours worked by, and wages paid to, employees of Franklin County Tile & Stone, from May 1, 2007 to the present.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2008.