UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CERAMIC TILE AND MARBLE MASONS' UNION NO. 18 OF MISSOURI PENSION PLAN, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )  No. 4:08-CV-885 (CEJ) ) |
| ROBERT JONES, d/b/a FRANKLIN COUNTY TILE & STONE, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Robert Jones, pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on June 24, 2008. Defendant did not file an answer or other responsive pleading or seek additional time to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on August 5, 2008. Thereafter, the Court denied plaintiffs' first motion for default judgment due to plaintiff's failure to prove damages. Plaintiffs then filed a motion seeking an order of accounting, which the Court granted. Defendant turned over the requested materials in March of 2009. Based on the information obtained during the audit, plaintiffs have now filed a renewed motion for default judgment.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are two labor unions ("Local 18" and "International Union") and trustees of six employee benefit plans ("Tile Setters Pension Plan", "Tile Finisher's Pension Plan", "International Pension Fund", "Apprenticeship

Fund", "International Health Fund", and "International Masonry Institute Fund"). Defendant Robert Jones, doing business as Franklin County Tile and Stone, is a party to a collective bargaining agreement with the unions. In their motion for default judgment, plaintiffs seek $17,067.61 in delinquent contributions, $2,761.84 in interest on the delinquent contributions, $2,207.37 in liquidated damages, $1,537.08 in union dues, and $93.58 in interest on the delinquent union dues. Plaintiffs additionally seek $12,123.50 in attorneys' fees, and $435.00 in costs. Thus, plaintiffs seek total judgment in the amount of $36,225.98.

Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

Defendant is bound by the terms of a collective bargaining agreement, which obligates defendant to make contributions to the International Health Fund (§ 13.02), the Tile Setter Pension Plan (§ 13.03), the International Pension Fund (§ 13.04), the Tile Finisher Pension Plan (§ 13.08), the Apprentice Fund (§ 13.12), and the International Masonry Institute (§ 13.14). The agreement also requires that defendant pay union dues that had been withheld from the pay of defendant's employees. (§ 8.01). The failure to make the required contributions subjects the employer to reasonable attorney's fees and costs incurred in recovering those damages. Additionally, pursuant to 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to interest on the unpaid contributions.

First, plaintiffs have satisfactorily shown that, for the period of January 2007 through April 2009, defendant owes $1,033.10 in contributions to the Tile Setters

-2-

Pension Plan, $4,494.85 in contributions to the Tile Finisher's Pension Plan, $469.65 in contributions to the Apprenticeship Fund, $2,021.90 in contributions to the International Pension Fund, $8,683.35 in contributions to the International Health Fund, $331.60 in contributions to the International Masonry Institute and $33.16 in contributions to the Industry Advancement Fund. Thus, plaintiffs have established that defendant owes a total of $17,067.61 in unpaid contributions. Additionally, plaintiffs have shown that defendant owes $994.80 in Local 18 union dues and $542.28 in International union dues. Therefore, the amount of $18,604.69, representing the total contributions and union dues owed by defendant, will be included in the judgment.

Plaintiffs also seek interest in the total sum of $2,855.42 and liquidated damages in the amount of $2,207.37. Pursuant to 29 U.S.C. § 1132(g)(2), defendant is obligated to pay interest on all delinquent contributions. Unless the plan states otherwise, the interest rate to be applied on the deliquent contributions is the federal short-term rate plus three percentage points. See 26 U.S.C. § 6621. In addition to an award of interest, plaintiffs are entitled to liquidated damages so long as such an award is provided for under the plan. If the plan does not authorize liquidated damages, then plaintiffs are instead entitled to a second award of interest. 29 U.S.C. § 1132(g)(2)(C).

Plaintiffs have established that liquidated damages of twenty percent and interest at the rate of fifteen percent per annum are provided for by the plan for all unpaid contributions to the International Pension Fund, the International Masonry Institute Fund and the International Health Fund.[1] Additionally, plaintiffs are

---

[1] Interest and liquidated damages on these funds is provided for under two governing documents for the trust: (1) the Restated Agreement and Declaration of Trust; and (2) the General Collection Procedures. Neither of these documents were signed by defendant and it is unclear whether defendant is bound to their provisions through the CBA. However, several courts have held that, by making contributions to

contractually entitled to interest (but not liquidated damages) on all unpaid International union dues. Plaintiffs have shown that liquidated damages are appropriate in the amount of $2,207.37, representing twenty percent of all unpaid contributions to the above International Funds. Interest in the amount of $2,156.78, calculated at the rate of fifteen percent per annum, will also be included in the judgment.

The governing documents for the local plans do not provide for liquidated damages or a higher rate of interest. Therefore, the statutory interest rate shall apply on all unpaid contributions to the Local Pension Fund and the Apprenticeship Fund.[2] Further, because liquidated damages are not provided for under the local plans, plaintiffs are entitled to an award of double interest on the amounts owed to those plans. See 29 U.S.C. § 1132(g)(2)(C). Applying the applicable statutory rate, and doubling it pursuant to section 1132, the Court finds that plaintiffs are entitled to $698.64 in interest for the amounts owed to the local funds. Thus, the total amount of interest due to plaintiffs for all unpaid contributions and dues is $2,855.42.

So far, the Court has determined that plaintiffs are entitled to $18,604.69 in unpaid contributions and dues, $2,207.37 in liquidated damages, and $2,855.42 in

---

a trust pursuant to a CBA, an employer binds itself to the provisions and governing documents of the trust, even if the employer did not sign those documents. See Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Cont. Co., Inc., 932 F.2d 1443, 1451 (11th Cir. 1991); Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp., 920 F.2d 1491 (9th Cir. 1990). At least one court has disagreed, finding that a liquidated damages provision in the trust documents is not binding on a non-signatory employer. See Jaspan v. Glover Bottled Gas Corp. 80 F.3d 38, 41 (2d. Cir. 1996). The Court need not reach the issue here, since plaintiffs alleged in their complaint that the two governing documents were incorporated into the CBA by reference. Because defendant has defaulted in this matter, the Court assumes that the allegations of the Complaint are true.

[2]Plaintiffs admit that they are not entitled to any interest or liquidated damages on the amounts owed for local union dues or to the Industry Advancement Fund, since neither is a covered employee welfare benefit plan under ERISA.

interest. Further, plaintiffs have incurred $435.00 in court costs, which shall be included in the judgment. The only issue remaining is plaintiffs' request for attorneys' fees in the amount of $12,123.50.

ERISA provides that a court "shall award" a benefit plan "reasonable attorneys' fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). While an award of attorneys' fees is mandatory under that section, "[t]he plaintiffs bear the burden to prove that the attorneys' fees they request are reasonable." <u>Local 513, Intern. Union Operating Engineers v. Larry Ortmann Contracting, Inc.</u>, 2009 WL 151698 at *1 (E.D. Mo. 2009). In making the determination of what constitutes reasonable attorneys' fees, the Court must consider several factors, including the amount recovered by the funds, the quality of work performed by counsel, whether the amount of hours worked were excessive, and other factors as appropriate. <u>See</u> <u>Greater Kansas City Laborers Pension Fund v. Thummel</u>, 738 F.2d 926 (8th Cir. 1984).

Upon examining these factors, the Court concludes that the requested award of $12,123.50 is unreasonable given the circumstances and nature of this case. The total unpaid contributions and dues to be recovered by the funds in this action totaled only $18,604.69. Plaintiffs' request for attorney fees would constitute an award of sixty-five percent of the unpaid contributions in this case. Further, the Court does not believe that this case was of such complexity that it merited the number of hours expended by plaintiffs' lead attorney, who billed sixty seven hours at a rate of $125.00 to $135.00 per hour. Indeed, the Court finds the number of hours spent on this matter excessive when compared to similar cases that have been before the Court. For instance, plaintiffs' counsel spent approximately ten hours, billed at $135.00 per hour, drafting the default pleadings for plaintiffs' second motion for default judgment. A day later, counsel spent another three hours working, in part, on drafting the default

pleadings. This was after plaintiffs' counsel had already spent approximately eight hours drafting the first motion for default judgment. The substance of the default pleading in this matter was no more complex than those filed in similar cases where counsel expended far fewer hours. See Local 513 Int'l Union of Operating Engineers, AFL-CIO v. Marshall Contracting, LLC, 2009 WL 2175979 at *2 (E.D. Mo. 2009)(plaintiffs' counsel spent total of 9.60 hours on entire case, with $21,619.60 in unpaid contributions). Indeed, the content of a motion for default judgment for unpaid contributions under ERISA is very standard from case to case and does not require a great deal of research or discussion. In comparison to similar cases, the Court finds that the abundance of conferences relating to the status of this case were excessive. Defendant was not contesting plaintiffs' claims.[3] Indeed, defendant assisted in this matter by verifying the accuracy of the charts prepared by plaintiffs.

Further, many of these billed hours were spent on preparing motions which the Court found to be unnecessary and which were unsuccessful. For instance, on August 25, 2008, plaintiffs filed their first motion for default judgment, along with a motion for attorneys' fees and a motion for a bill of costs. In denying the motions, the Court noted that they were premature and unnecessary, given that plaintiffs also sought attorney fees and costs under ERISA in their motion for default judgment. Further, plaintiffs' first motion for default judgment was denied because plaintiffs had failed to prove any damages with sufficient certainty. But for this error on the part of plaintiffs, the Court could have granted default judgment at that point in time (at which point

---

[3]The Court notes that plaintiffs were forced to incur additional attorney fees through defendant's noncompliance with this Court's order for an accounting. The Court recognizes that defendant's noncompliance resulted in additional hours of attorney work that was billed at a reasonable hourly rate of $125.00 to $135.00. However, even in light of this additional work, the Court still easily concludes that the amount of time expended on this matter by plaintiffs' counsel is excessive.

there were only $1,305.00 incurred in attorney fees) and the subsequent motions for default judgment, and the additional $11,000.00 in attorneys' fees, could have been avoided. Similarly, plaintiff's second motion for entry of default was unnecessary because it was filed <u>after</u> default had been entered by the Clerk of Court.

Based on all the relevant factors, the Court concludes that plaintiffs' request for attorneys' fees is unreasonable given the nature of this case. The Court will reduce the award to a total of $7,343.50, which the Court finds a more reasonable sum for the work performed on this matter.[4]

### Conclusion

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant in the amount of $31,445.98, representing $18,604.69 in unpaid contributions and dues, $5,062.79 in liquidated damages and interest, $7,343.50 in attorneys' fee, and $435.00 in costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [#24] against defendant Robert Jones, doing business as Franklin County Tile and Stone, is **granted in part and denied in part**.

*[signature]*

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2009.

---

[4] To arrive at this sum, the Court cut the number of hours billed by attorney Patrick Shinners in half, from 67 hours to 33.5 hours. Mr. Shinners' average hourly rate is $130.00 per hour, which, when multiplied by the 33.5 hours being deducted, equals a reduction of $4,355.00 from the requested fee award. The Court also reduced the fee award an additional $425.00, representing the five hours of work performed by paralegal Tanya Young on plaintiffs' first, unsuccessful, motion for default judgment.